[No. 8519.]

REEVES ET AL. V. CURRIER ET AL.

1   TRIAL—*Duty of Court to Instruct.* In a case involving complicated is-
sues it is essential to a fair trial that the jury should receive full, clear, and
comprehensive instructions. To direct a finding for the plaintiff, "if you
deem that the evidence justifies," or the like, is wholly inadequate. To so
charge, refusing all directions as to those features of the case presented in
the evidence, as to the claims of defeated party, is error. (596.)

2.   —— *Prejudicial Remarks of the Judge in the Presence of the Jury.*
Action for the price of machinery sold under a written contract. In denying
the plaintiff's motion for a directed verdict, the judge presiding, in the
presence of the jury, said, "I don't like these technicalities. I have read
over your warranty, and I don't like its terms. * * * I think the terms
of your warranty too harsh and technical. * * * There are too many tech-
nicalities in law-suits these days." *Held* manifestly injurious to the plain-
tiff. (596, 597.)

3.   PLEADINGS—*Admissions By.* Where the answer to a counter-claim pre-
sents a complete bar, and there is no reply, there can be no judgment for
the defendant upon such counter-claim. (597.)

*Error to Denver District Court.* Hon. GEORGE W. ALLEN,
    Judge.

Mr. FRANK L. GRANT, Mr. PHILIP S. VAN CISE, for
plaintiff in error.

Mr. FELIX B. TAIT, for defendants in error.

BAILEY, J., delivered the opinion of the court.

The defendants in error, defendants below, purchased
of plaintiff in error, plaintiff below, an Indiana corporation,
a Reeves 32-horse-power compound engine, and a 4-6 disc
La Crosse Plow, and as part payment therefor executed four
promissory notes aggregating $2,484.00. On October 30th,
1912, the company brought an action against the defendants
on the notes in the District Court of the City and County
of Denver.

The answer sets up, in substance, failure of considera-

tion for the notes, in that the machinery purchased was entirely worthless for the purposes for which it was sold and warranted, and that the representations, warranties and guaranties of the plaintiff company in making the sale were wholly false.

By counter-claim, which is denominated a cross-complaint, the defendants set up substantially the same matters as in their answer, and pray damages against the plaintiff in the sum of $2,677.00. The plaintiff replied to the answer, setting out in full a written contract executed by defendants in the transaction, and for answer and defense to the counter-claim set up the same written contract. The defendants made no reply to the defense thus interposed against their affirmative demand. Trial was had to a jury, resulting in a verdict and judgment for damages in favor of the defendants on their counter-claim in the sum of $520.00, to which plaintiff prosecutes this writ of error.

The cause was submitted for determination upon the following instructions:

"I. Gentlemen of the jury: You will determine the issues in this case according to the evidence, and as you find the evidence preponderates, you will return your verdict.

II. If you find for the plaintiff, you will find the amount of its recovery based upon the damages it has sustained, if any.

III. You may find for the plaintiff if you deem that the evidence so justifies.

IV. You should determine this case on the preponderance of the evidence; whichever side has the preponderance of the evidence, that side is entitled to your verdict.

V. If you find for the defendants on their counter-claim, you will determine the amount of their recovery.

VI. If you do not find for the defendants on their counter-claim, you may simply find for the defendants, if you find the issues for the defendants."

In overruling a motion by plaintiff for a directed verdict, the following remarks were made by the court in the presence and hearing of the jury:

"I don't like these technicalities; I have read over your warranty and I don't like its terms; I don't believe in so many technicalities in law suits.

Mr. Grant: I object to the remarks of the court in the presence and hearing of the jury.

The Court: Of course you object to these remarks because I think the terms of your warranty too harsh and technical.

Mr. Grant: I again object to the remarks of the court and request that they go into the record and that the stenographer take them down.

The Court: No, they won't go into the record. Charlie (meaning Charles Reitler, the official stenographer reporting the case), don't take them down. I don't propose to have these remarks go into the record and have Grant take the case to the Supreme Court and let that court pass upon them. There are too many technicalities in lawsuits these days. I believe in justice between the parties and not have one side or the other rely upon so many of these technicalities. I will overrule your motion for a directed verdict. Charlie, you can put that last in the record."

The instructions were wholly insufficient, the remarks of the trial court clearly prejudicial, and the judgment rendered upon the counter-claim unwarranted under the pleadings. The instructions did not contain a statement of the issues involved, and furnished no comprehensive or accurate legal guide for the jury in their deliberations upon the facts disclosed by the evidence. The situation demanded a full and fair statement of the issues and the law applicable thereto. The only instruction given upon the plaintiff's case, and upon which it could expect a verdict, was No. III, which reads: "You may find for the plaintiff if you deem that the

evidence so justifies." In view of the other instructions, this one is not only inadequate, but furnishes no guide to the jury in their deliberations as to the law governing plaintiff's right of recovery. It is essential to the fair and impartial trial contemplated by law that the jury, in a case of this sort, have full, clear and comprehensive instructions to guide them, and this requirement is not in any proper sense met by the directions given. The plaintiff requested certain instructions upon its theory of the case, all of which the court refused, giving none of them either in modified form or in substance, nor did the court attempt to advise the jury at all in line with such requests.

The remarks of the court above quoted are manifestly against the rights of the plaintiff, and could not have failed to influence the jury in arriving at a verdict. They speak for themselves, and undoubtedly constitute prejudicial error.

The action was to recover upon promissory notes, to which the defense of failure of consideration was interposed and issue taken thereon by reply; a counter-claim for damages sustained by defendants through the same transaction in which the notes were founded, which was met by an answer setting up a written contract containing new matter, by the express terms of which defendants were barred from recovering damages, to which no reply was made. In this state of the pleadings it is plain that no judgment in favor of defendants on their counter-claim could have been properly rendered.

The judgment is reversed and the cause remanded for a new trial upon all the issues involved, in harmony with the views herein expressed, the defendants to be permitted to reply to the plaintiff's answer to their counter-claim if so advised.

*Judgment reversed.*

GABBERT, C. J., and WHITE, J., concur.